ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 3 1 2005

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENNIE JAY JACKSON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 3-05-CV-0576-R |
| § | |
| DAN JOSLIN, Warden, § | |
| FCI-Seagoville § | |
| § | |
| Respondent. § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Bennie Jay Jackson, an inmate at FCI-Seagoville, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

A federal grand jury in the Amarillo Division of the Northern District of Texas charged petitioner and 10 co-defendants with multiple drug-related offenses. Following a month-long jury trial, petitioner was convicted on three counts involving possession and distribution of cocaine, one count of engaging in a continuing criminal enterprise, and one count of obstruction of justice.[1] His conviction was affirmed on direct appeal. *United States v. Casel*, 995 F.2d 1299 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1308 (1994). Petitioner also filed a motion under 28 U.S.C. § 2255. That motion was denied on the merits. *United States v. Jackson*, No. 2-95-CV-0108 (N.D. Tex. Sept. 24, 1998), *aff'd*, 202 F.3d 264 (5th Cir. 1999) (Table), *cert. denied*, 120 S.Ct. 1980 (2000).

---

[1] Petitioner was acquitted of conspiracy and using a firearm during and in relation to a drug trafficking crime.

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. In his sole ground for relief, petitioner contends that his sentence was enhanced by factors not alleged in the indictment or determined by a jury as required by *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004) and *United States v. Booker*, 125 S.Ct. 738, 2005 WL 50108 (U.S. Jan. 12, 2005).[2] Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830, quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

---

[2] In *Blakely*, a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. The Court recently extended its holding in *Blakely* to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 2005 WL 50108 at *15.

Although petitioner's *Blakely* argument was foreclosed by Fifth Circuit precedent at the time of his trial, appeal, and first section 2255 motion, such a claim does not implicate his conviction for a substantive offense. Moreover, nothing in *Blakely* or *Booker* suggests that those rulings apply retroactively. *Booker*, 2005 WL 50108 at *29 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (holding that *Blakely* is not applicable to cases already final); *United States v. Juarez*, 2004 WL 2965029 at *2 (N.D. Tex. Dec. 8, 2004) (same); *United States v. Montana*, 2004 WL 2996963 at *1 (N.D. Ill. Dec. 23, 2004) ("[N]othing suggests any likelihood that the Supreme Court's ruling in [*Booker*] will include a retroactive application and extension of the *Blakely* principles that would open up for potential revision the many thousands of long-ago-imposed sentences such as [defendant's]."). The fact that petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *United States v. Garland*, 2004 WL 1593438 at *1 (N.D. Tex. Jul. 15, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1672214 (N.D. Tex. Jul. 26, 2004). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant can file another motion in district court. *Id.* §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

DATED: March 31, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE